**Larry Donnell DUNLAP,
Plaintiff—Appellant,**

v.

**PRETRIAL SERVICES; et al.,
Defendants—Appellees.**

No. 05–16505.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.[*]

Decided May 19, 2006.

Larry Donnell Dunlap, Florence, AZ,
pro se.

Before: B. FLETCHER, TROTT, and
CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Larry Donnell Dunlap, an Arizona state
prisoner, appeals pro se from the district
court's order dismissing his 42 U.S.C.
§ 1983 action against multiple defendants
alleging violation of his Fourteenth
Amendment rights. We have jurisdiction
under 28 U.S.C. § 1291. We review de
novo the district court's dismissal for fail-
ure to state a claim under the screening
provisions of 28 U.S.C. §§ 1915A, *Resnick
v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000),
and 1915(e)(2)(B)(ii), *Barren v. Harring-
ton,* 152 F.3d 1193, 1194 (9th Cir.1998).
We affirm.

The district court properly dismissed
plaintiff's action because Dunlap failed to
state a cognizable claim against any of the
defendants and the deficiencies in his com-
plaint cannot be cured by amendment.
*See Lucas v. Dep't of Corrections,* 66 F.3d
245, 248 (9th Cir.1995) (per curiam).

Dunlap failed to state a claim against
John and Jane Doe of Pretrial Services
because absolute immunity shields judges
and those performing judge-like functions
from liability for acts performed in their
official capacity. *See Ashelman v. Pope,*
793 F.2d 1072, 1075 (9th Cir.1986).

There is no cognizable claim against
Cynthia Ryan and Barbara LaWall be-
cause both are entitled to absolute prose-
cutorial immunity. *See Imbler v. Pacht-
man,* 424 U.S. 409, 427, 96 S.Ct. 984, 47
L.Ed.2d 128 (1975). Furthermore, LaWall
cannot be sued in her capacity as the chief
county attorney for actions taken by her
staff. *See Taylor v. List,* 880 F.2d 1040,
1045 (9th Cir.1989).

Dunlap failed to state a claim against
public defender Harriette Levitt because
she was not acting under color of state law.
*See Polk County v. Dodson,* 454 U.S. 312,
321, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

The district court properly determined
that the claim against Andrew Novak was
barred because it implied the invalidity of
Dunlap's conviction. *See Heck v. Hum-
phrey,* 512 U.S. 477, 483–84, 114 S.Ct.
2364, 129 L.Ed.2d 383 (1994).

Dunlap's remaining claims are without
merit and were properly dismissed. *See
Price v. State of Hawaii,* 939 F.2d 702,
707–09 (9th Cir.1991) (holding private ac-
tors are not acting under the color of state
law for the purposes of section 1983 liabili-
ty); *see also Briscoe v. LaHue,* 460 U.S.
325, 329–32, 103 S.Ct. 1108, 75 L.Ed.2d 96
(1983) (holding witnesses are absolutely

[*] The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

immune from suit for damages with respect to testimony); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 69, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (holding states are not persons for the purposes of section 1983).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.